**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number: 00794156
Phone: (469) 232-3328

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | | |
|---|---|---|---|
| In re: **Kathy Ann Nelson** | xxx-xx-9468 | § | Case No: |
| 1419 Melanie Trail | | § | Date: **7/1/2019** |
| Midlothian, TX 76065 | | § | |
| | | § | Chapter 13 |
| | | § | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: **$2,125.00** | | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: **60 months** | | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: **$127,500.00** | | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: **36 months** | | | |

Case No:
Debtor(s):   **Kathy Ann Nelson**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A.  **PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$2,125.00__ per month, months __1__ to __60__ .

For a total of __$127,500.00__ (estimated "*Base Amount*").

First payment is due __7/31/2019__ .

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__ .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__ .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$0.00__ .

B.  **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C.  **ATTORNEY FEES:**  To _____**Leinart Law Firm**_____, total:  __$3,700.00__ ;
__$0.00__ Pre-petition;  __$3,700.00__ disbursed by the *Trustee*.

Case No:
Debtor(s):  **Kathy Ann Nelson**

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT. | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **US Bank Home Mortgage** 1419 Melanie Trail Midlothian, TX 76065 | **$8,613.49** | **7/1/2019** | **0.00%** | **Month(s) 1-59** | **Pro-Rata** |

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **US Bank Home Mortgage** 1419 Melanie Trail Midlothian, TX 76065 | **59 month(s)** | **$1,371.65** | **10/1/2019** |

**D.(3)  POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **US Bank Home Mortgage** 1419 Melanie Trail Midlothian, TX 76065 | **$2,743.30** | **8/1/2019 and 9/1/2019** | **0.00%** | **Month(s) 1-59** | **Pro-Rata** |

**E.(1)  SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Midlothian Meadows V HOA** 1419 Melanie Trail Midlothian, TX 76065 | **$529.21** | **$228,470.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| **Ccooley Au** 2016 Nissan Sentra | **$15,982.00** | **5.00%** | **Month(s) 3-48** | **$385.71** |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

Case No:
Debtor(s): **Kathy Ann Nelson**

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F.   SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
|  |  |  |  |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*.  If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed.  However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s).*

**G.   SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Ellis County Tax Assessor** | **1419 Melanie Trail Midlothian, TX 76065** | **$5,226.80** |

**H.   PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

**I.   SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

**J.   UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Ad Astra Recovery** | **$970.00** |  |
| **Advance Cash** | **$516.00** |  |
| **American First Finance** | **$736.00** |  |
| **AT&T Direct TV** | **$0.00** |  |
| **AT&T U-Verse** | **$0.00** |  |
| **Bridgecrest** | **$19,050.00** |  |
| **Caine & Weiner** | **$511.00** |  |
| **Capital Management Services** | **$0.00** |  |

Case No:
Debtor(s):  **Kathy Ann Nelson**

| | |
|---|---:|
| **Capital One** | **$406.00** |
| **Cavalry Portfolio Services** | **$1,054.00** |
| **Chase Auto Finance** | **$11,105.00** |
| **Citibank North America** | **$0.00** |
| **Citibank/Sears** | **$950.00** |
| **Citibank/The Home Depot** | **$807.00** |
| **Credit Collection Services** | **$690.00** |
| **Credit Collection Services** | **$241.00** |
| **Credit Collection Services** | **$0.00** |
| **Credit One Bank** | **$0.00** |
| **Credit Service Company** | **$280.00** |
| **Credit Service Company** | **$91.00** |
| **Credit Systems International, Inc** | **$896.00** |
| **Credit Systems International, Inc** | **$72.00** |
| **Dallas Endoscopy Center** | **$224.00** |
| **Dash for Cash** | **$810.00** |
| **Dept of Ed / Navient** | **$26,381.00** |
| **Dept of Ed / Navient** | **$25,064.00** |
| **Dept of Ed / Navient** | **$24,097.00** |
| **Dept of Ed / Navient** | **$22,893.00** |
| **Dept of Ed / Navient** | **$21,240.00** |
| **Dept of Ed / Navient** | **$5,683.00** |
| **Dept of Ed / Navient** | **$5,032.00** |
| **Dept of Ed / Navient** | **$2,798.00** |
| **Dept of Ed / Navient** | **$1,769.00** |
| **Deptartment Store National Bank/Macy's** | **$303.00** |
| **DHI Mortgage Company** | **$0.00** |
| **Elephant Insurance Co** | **$0.00** |
| **eMoneyUSA** | **$654.00** |
| **eMoneyUSA** | **$0.00** |
| **Envision Imaging** | **$0.00** |
| **ERC/Enhanced Recovery Corp** | **$371.00** |
| **ERC/Enhanced Recovery Corp** | **$340.00** |
| **First Premier Bank** | **$1,123.00** |
| **First Premier Bank** | **$660.00** |
| **Geico** | **$580.22** |
| **Green Mountain Energy** | **$0.00** |
| **IV Anesthesia Services LLC** | **$202.00** |
| **King of Cash** | **$1,054.06** |
| **Midland Funding** | **$546.00** |
| **Midland Funding** | **$398.00** |
| **Midland Funding** | **$0.00** |
| **National Credit Adjusters, LLC** | **$1,223.00** |
| **National Credit Adjusters, LLC** | **$0.00** |
| **Nationwide Insurance** | **$0.00** |

Case No:
Debtor(s):  **Kathy Ann Nelson**

| | |
|---|---|
| **Navient** | **$10,911.00** |
| **Navient** | **$8,581.00** |
| **Navient** | **$7,120.00** |
| **Navient** | **$5,733.00** |
| **Navient** | **$4,564.00** |
| **Navient** | **$4,564.00** |
| **Navient** | **$4,537.00** |
| **Navient** | **$3,423.00** |
| **Navient** | **$0.00** |
| **Navient** | **$0.00** |
| **Navient** | **$0.00** |
| **One Advantage Llc** | **$327.25** |
| **Plain Green Loans** | **$0.00** |
| **Plain Green Loans** | **$0.00** |
| **Plain Green Loans** | **$0.00** |
| **Plain Green Loans** | **$0.00** |
| **Prestige Financial Svc** | **$0.00** |
| **Progressive Finance/Leasing** | **$0.00** |
| **Progressive Insurance** | **$0.00** |
| **Radiological Consultants Associates** | **$0.00** |
| **Radius Global Solutions LLC** | **$0.00** |
| **Rausch, Sturm, Israel, Enerson & Hornik** | **$0.00** |
| **Regional Acceptance Co** | **$19,635.00** |
| **Resource One** | **$0.00** |
| **Resource One** | **$0.00** |
| **Resource One Credit Union** | **$0.00** |
| **Resource One Cu** | **$1,159.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **RISE Credit** | **$0.00** |
| **Sam's Appliances & Furniture** | **$0.00** |
| **Sam's Appliances & Furniture** | **$0.00** |
| **Santander Consumer USA** | **$22,759.00** |
| **SLC Conduit I LLC** | **$0.00** |
| **Speedy/Rapid Cash** | **$0.00** |
| **Synchrony Bank/Care Credit** | **$0.00** |
| **Synchrony Bank/TJX** | **$0.00** |
| **Synchrony Bank/Walmart** | **$0.00** |
| **Target** | **$844.00** |
| **Tbom/total Crd** | **$0.00** |

Case No:
Debtor(s): **Kathy Ann Nelson**

---

| | |
|---|---|
| **Tbom/total Crd** | **$0.00** |
| **TDDC** | **$715.90** |
| **Texas Digestive Disease Consultants** | **$918.43** |
| **Texas Physician Resources LLP** | **$0.00** |
| **Transworld Systems Inc.** | **$0.00** |
| **United Collection Bureau** | **$0.00** |
| **United Revenue Corp.** | **$877.00** |
| **United Revenue Corp.** | **$863.00** |
| **White Pine Lending** | **$2,000.00** |
| TOTAL SCHEDULED UNSECURED: | **$281,351.86** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **0%** ____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.** **SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B.** **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.** **ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1)** **PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

**D.(2)** **CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*.  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Case No:
Debtor(s): **Kathy Ann Nelson**

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G. DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

Case No:
Debtor(s):  **Kathy Ann Nelson**

---

**H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.  CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.  GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

Case No:
Debtor(s): **Kathy Ann Nelson**

---

**S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U. ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

Case No:
Debtor(s):    **Kathy Ann Nelson**

---

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

## V.  <u>POST-PETITION CLAIMS:</u>

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan*.

## W.  <u>TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:</u>

See the provisions of the General Order regarding this procedure.

Case No:
Debtor(s):  **Kathy Ann Nelson**

---

**SECTION III**
**NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Attorney

_____
Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Counsel

**00794156**
_____
State Bar Number

Case No:
Debtor(s):  **Kathy Ann Nelson**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the      **1st day of July, 2019**      :

(List each party served, specifying the name and address of each party)

Dated:      **July 1, 2019**                                    **/s/ Marcus Leinart**
                                                                           Marcus Leinart, Debtor's(s') Counsel

| | | |
|---|---|---|
| Ad Astra Recovery<br>xxx9265<br>7330 West 33rd Street North<br>Suite 118<br>Wichita, KS 67205 | Caine & Weiner<br>xxxx4434<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks, CA 91411 | Citibank North America<br>xxxxxxxxxxxx9834<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| Advance Cash<br>PO Box 10<br>Parshall, ND 58770 | Capital Management Services<br>6129<br>726 Exchange, Ste 700<br>Buffalo, NY 14210 | Citibank/Sears<br>xxxxxxxxxxxx6127<br>Attn: Bankruptcy<br>PO Box 6275<br>Sioux Falls, SD 57117 |
| American First Finance<br>xxxxxxxxxxxx0001<br>Attn: Bankruptcy<br>PO Box 565848<br>Dallas, TX 75356 | Capital One<br>xxxxxxxxxxxx0713<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Citibank/The Home Depot<br>xxxxxxxxxxxx2774<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| AT&T Direct TV<br>PO Box 105503<br>Atlanta, GA 30348-5503 | Cavalry Portfolio Services<br>xxxx4328<br>ATTN: Bankruptcy Department<br>500 Summit Lake Ste 400<br>Valhalla, NY 10595 | Credit Collection Services<br>xxxx9121<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood, MA 02062 |
| AT&T U-Verse<br>PO Box 5014<br>Carol Stream, IL 60197-5014 | Ccooley Au<br>x8531<br>10849 Composite Drive<br>Dallas, TX 75220 | Credit Collection Services<br>xxxx3271<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood, MA 02062 |
| Bridgecrest<br>xxxxxxxx0702<br>7300 East Hampton Avenue<br>Suite 100<br>Mesa, AZ 85209 | Chase Auto Finance<br>xxxxxxxx0127<br>National Bankruptcy Dept<br>201 N Central Ave MS AZ1-1191<br>Phoenix, AZ 85004 | Credit Collection Services<br>xxxxx3183<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood, MA 02062 |

Case No:
Debtor(s):  **Kathy Ann Nelson**

---

Credit One Bank
xxxxxxxxxxxx6314
ATTN: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxx0709
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

DHI Mortgage Company
xxxxxx0712
10700 Pecan Park Boulevard
Suite 450
Austin, TX 78750

Credit Service Company
xxx3015
Attn: Bankruptcy
PO Box 1120
Colorado Springs, CO 80901

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxxxxx0415
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Elephant Insurance Co
xxxxxxxxxxxx7493
PO Box 5005
Glen Allen, VA 23058-5005

Credit Service Company
xxx9642
Attn: Bankruptcy
PO Box 1120
Colorado Springs, CO 80901

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxxxxxx0112
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Ellis County Tax Assessor
xx5677
114 S Rogers
Waxahachie, TX 75165

Credit Systems International, Inc
xxxxx0312
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxx1107
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

eMoneyUSA
xxxxxxx8933
Attn: Bankruptcy
8700 State LIne Rd , Ste 350
Leawood, KS 66206

Credit Systems International, Inc
xxxxx7304
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxx0606
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

eMoneyUSA
xxxxxxx3969
Attn: Bankruptcy
8700 State LIne Rd , Ste 350
Leawood, KS 66206

Dallas Endoscopy Center
x1204
PO Box 679006
Dallas, TX 75267-8655

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxx1108
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Envision Imaging
PO Box 975542
Dallas, TX 75397

Dash for Cash
xx3946
415 E. Airport Frwy
Irving, TX 75062

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxx0716
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

ERC/Enhanced Recovery Corp
xxxxx0422
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Dept of Ed / Navient
xxxxxxxxxxxxxxxxxxxx1016
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

Deptartment Store National
Bank/Macy's
xxxxxxxx1970
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

ERC/Enhanced Recovery Corp
xxx3304
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Case No:
Debtor(s):   **Kathy Ann Nelson**

---

First Premier Bank
xxxxxxxxxxxx5939
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

First Premier Bank
xxxxxxxxxxxx3275
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Geico
xxxxxx3183
P.O. Box 509090
San Diego, CA 92150

Green Mountain Energy
1303 San Antonio St. Ste. 700
Austin, TX 78701

IV Anesthesia Services LLC
x1204
PO Box 679021
Dallas, TX 75267-8296

Kathy Ann Nelson
1419 Melanie Trail
Midlothian, TX 76065

King of Cash
xxx5007
8304 Wornall
Kansas City, MO 64114

Midland Funding
xxxxxx7600
2365 Northside Dr Ste 300
San Diego, CA 92108

Midland Funding
xxxxxx8401
2365 Northside Dr Ste 300
San Diego, CA 92108

Midland Funding
xxxxx8573
2365 Northside Dr Ste 300
San Diego, CA 92108

Midlothian Meadows V HOA
x3414
c/o Goddard Management LLC
PO Box 154
Red Oak, TX 75154

National Credit Adjusters, LLC
xx7655
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

Nationwide Insurance
P.O. Box 6838
Cleveland, OH 44101-1838

Navient
xxxxxxxxxxxxxxxxxx0726
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx1019
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx1126
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx0928
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx0923
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx1106
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx1008
Attn: Bankruptcy
PO Box 9000
Wiles-Barr, PA 18773

Navient
xxxxxxxxxxxxxxxxxx0716
Attn: Bankruptcy
PO Box 9640
Wilkes-Barre, PA 18773

Navient
xxxxxxxxxxxxxxxxxx0606
Attn: Bankruptcy
PO Box 9640
Wilkes-Barre, PA 18773

Navient
xxxxxxxxxxxxxxxxxx1107
Attn: Bankruptcy
PO Box 9640
Wilkes-Barre, PA 18773

One Advantage Llc
xxx7493
P.O. Box 628
Buffalo, NY 14240-0628

Case No:
Debtor(s): **Kathy Ann Nelson**

---

Plain Green Loans
xx9177
Attn: Bankruptcy
1900 Frost Rd   Ste 100
Bristol, PA 19007

Plain Green Loans
xxxx8655
Attn: Bankruptcy
1900 Frost Rd   Ste 100
Bristol, PA 19007

Plain Green Loans
xxxx7286
Attn: Bankruptcy
1900 Frost Rd   Ste 100
Bristol, PA 19007

Plain Green Loans
xx0457
Attn: Bankruptcy
1900 Frost Rd   Ste 100
Bristol, PA 19007

Prestige Financial Svc
xx5044
Attn: Bankruptcy
351 W Opportunity Way
Draper, UT 84020

Progressive Finance/Leasing
xxx4366
11629 S 700 E St Ste 250
Draper, UT 84020

Progressive Insurance
PO Box 31260
Tampa, FL 33631

Radiological Consultants Associates
PO Box 740968
Dallas, TX 75374-0968

Radius Global Solutions LLC
xxxx6036
7831 Glenroy Rd Ste 250-A
Minneapolis, MN 55439

Rausch, Sturm, Israel, Enerson &
Hornik
xxxx0948
15851 North Dallas Parkway
Suite 245
Addison, TX 75001

Regional Acceptance Co
xxxxx8201
Attn: Bankruptcy
PO Box 1487
Wilson, NC 27858

Resource One
xxxxxxxxxxx7065
2100 Belleview St
Dallas, TX 75215

Resource One
xxxxxxxxxxx1609
2100 Belleview St
Dallas, TX 75215

Resource One Credit Union
xxxxxx0143
Attn: Bankruptcy
PO Box 660077
Dallas, TX 75266

Resource One Cu
xxxxxxxxxxx3589
2100 Belleview St
Dallas, TX 75215

RISE Credit
xx7655
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx6461
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx8644
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx5473
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx0247
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx9010
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx5232
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

RISE Credit
xxxx3077
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185

Sam's Appliances & Furniture
xx5817
Attn: Bankruptcy
5050 East Belknap Street
Haltom City, TX 76117

Case No:
Debtor(s):    **Kathy Ann Nelson**

---

Sam's Appliances & Furniture
xx0044
Attn: Bankruptcy
5050 East Belknap Street
Haltom City, TX 76117

Santander Consumer USA
xxxxxxxxxxxx1000
Attn: Bankruptcy
PO Box 961245
Fort Worth, TX 76161

SLC Conduit I LLC
xxxxxxx6827
Citibank USA, N.A
PO Box 6191
Sioux Falls, SD 57117

Speedy/Rapid Cash
Attn: Bankruptcy Dept.
PO Box 780408
Wichita, KS 67278

Synchrony Bank/Care Credit
xxxxxxxxxxxx4294
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Synchrony Bank/TJX
xxxxxxxxxxxx4987
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Walmart
xxxxxxxxxxxx5627
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Target
xxxxxxxxxxxx2713
Attn: Bankruptcy
PO Box 9475
Minneapolis, MN 55440

Tbom/total Crd
xxxxxxxxxxxx3357
Po Box 85710
Sioux Falls, SD 57118

Tbom/total Crd
xxxxxxxxxxxx2082
Po Box 85710
Sioux Falls, SD 57118

TDDC
xxx1643
PO Box 35629
Dallas, TX 75235

Texas Digestive Disease Consultants
xxxxx-xxxxxxxxxxxxxx2016
P.O. Box 202689
Dallas, TX 75320

Texas Physician Resources LLP
PO Box 8776
Fort Worth, TX 76124-0776

Tom Powers
105 Decker Crt, Ste 1150
Irving, TX 75062

Transworld Systems Inc.
2016
Collection Agency
500 Virginia Drive, Ste. 514
Ft. Washington, PA 19034

United Collection Bureau
xxx6658
5260 South Wyck Blvd. Ste 206
Toledo, OH 43614-0190

United Revenue Corp.
xxx1063
204 Billings Street
Suite 120
Arlington, TX 76010

United Revenue Corp.
xxx4782
204 Billings Street
Suite 120
Arlington, TX 76010

US Bank Home Mortgage
xxxxxxxxx7268
Attn: Bankruptcy
800 Nicollet Mall
Minneapolis, MN 55402

White Pine Lending
3051 Sand Lake Road
Crandon, WI 54520

**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number:  **00794156**
Phone:   **(469) 232-3328**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**
Revised 10/1/2016

IN RE: **Kathy Ann Nelson**  xxx-xx-9468 §    CASE NO:
        1419 Melanie Trail      §
        Midlothian, TX 76065    §
                                §
                                §

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: **7/1/2019**

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$2,125.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $201.40 | $201.88 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $119.70 | $0.00 |
| **Subtotal Expenses/Fees** | **$326.10** | **$201.88** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$1,798.90** | **$1,923.12** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Ccooley Au | 2016 Nissan Sentra | $15,982.00 | $16,000.00 | 1.25% | $200.00 |

| | |
|---|---|
| Total Adequate Protection Payments for Creditors Secured by Vehicles: | **$200.00** |

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| US Bank Home Mortgage | 1419 Melanie Trail Midlothian, TX | 10/1/2019 | $144,243.44 | $228,470.00 | $1,371.65 |

| | |
|---|---|
| Payments for Current Post-Petition Mortgage Payments (Conduit): | **$1,371.65** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:
Debtor(s):   Kathy Ann Nelson

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|------|-----------|------------------|---------------------|-------------------------------|------------------------------------|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | | **$0.00** |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$200.00** |
| Debtor's Attorney, per mo: | **$1,598.90** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$1,371.65** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$200.00** |
| Debtor's Attorney, per mo: | **$351.47** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:__**7/1/2019**_____

**/s/ Marcus Leinart**_____
Attorney for Debtor(s)

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE:  **Kathy Ann Nelson**

CASE NO.

CHAPTER  **13**

### Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date:  __7/1/2019__

__/s/ Marcus Leinart__
**Marcus Leinart**
Attorney for the Debtor(s)

| | | |
|---|---|---|
| Ad Astra Recovery<br>7330 West 33rd Street North<br>Suite 118<br>Wichita, KS 67205 | Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks, CA 91411 | Citibank North America<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| Advance Cash<br>PO Box 10<br>Parshall, ND 58770 | Capital Management Services<br>726 Exchange, Ste 700<br>Buffalo, NY 14210 | Citibank/Sears<br>Attn: Bankruptcy<br>PO Box 6275<br>Sioux Falls, SD 57117 |
| American First Finance<br>Attn: Bankruptcy<br>PO Box 565848<br>Dallas, TX 75356 | Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Citibank/The Home Depot<br>Attn: Recovery/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| AT&T Direct TV<br>PO Box 105503<br>Atlanta, GA 30348-5503 | Cavalry Portfolio Services<br>ATTN: Bankruptcy Department<br>500 Summit Lake Ste 400<br>Valhalla, NY 10595 | Credit Collection Services<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood, MA 02062 |
| AT&T U-Verse<br>PO Box 5014<br>Carol Stream, IL 60197-5014 | Ccooley Au<br>10849 Composite Drive<br>Dallas, TX 75220 | Credit One Bank<br>ATTN: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193 |
| Bridgecrest<br>7300 East Hampton Avenue<br>Suite 100<br>Mesa, AZ 85209 | Chase Auto Finance<br>National Bankruptcy Dept<br>201 N Central Ave MS AZ1-1191<br>Phoenix, AZ 85004 | Credit Service Company<br>Attn: Bankruptcy<br>PO Box 1120<br>Colorado Springs, CO 80901 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE: **Kathy Ann Nelson**

CASE NO.

CHAPTER   **13**

## Certificate of Service

(Continuation Sheet #1)

---

Credit Systems International, Inc
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Ellis County Tax Assessor
114 S Rogers
Waxahachie, TX 75165

IV Anesthesia Services LLC
PO Box 679021
Dallas, TX 75267-8296

Dallas Endoscopy Center
PO Box 679006
Dallas, TX 75267-8655

eMoneyUSA
Attn: Bankruptcy
8700 State LIne Rd , Ste 350
Leawood, KS 66206

Kathy Ann Nelson
1419 Melanie Trail
Midlothian, TX 76065

Dash for Cash
415 E. Airport Frwy
Irving, TX 75062

Envision Imaging
PO Box 975542
Dallas, TX 75397

King of Cash
8304 Wornall
Kansas City, MO 64114

Dept of Ed / Navient
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773

ERC/Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Deptartment Store National
Bank/Macy's
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

First Premier Bank
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108

DHI Mortgage Company
10700 Pecan Park Boulevard
Suite 450
Austin, TX 78750

Geico
P.O. Box 509090
San Diego, CA 92150

Midlothian Meadows V HOA
c/o Goddard Management LLC
PO Box 154
Red Oak, TX 75154

Elephant Insurance Co
PO Box 5005
Glen Allen, VA 23058-5005

Green Mountain Energy
1303 San Antonio St. Ste. 700
Austin, TX 78701

National Credit Adjusters, LLC
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:   **Kathy Ann Nelson**

CASE NO.

CHAPTER   **13**

### Certificate of Service

(Continuation Sheet #2)

---

| | | |
|---|---|---|
| Nationwide Insurance<br>P.O. Box 6838<br>Cleveland, OH 44101-1838 | Progressive Insurance<br>PO Box 31260<br>Tampa, FL 33631 | Resource One Cu<br>2100 Belleview St<br>Dallas, TX 75215 |
| Navient<br>Attn: Bankruptcy<br>PO Box 9000<br>Wiles-Barr, PA 18773 | Radiological Consultants Associates<br>PO Box 740968<br>Dallas, TX 75374-0968 | RISE Credit<br>Attn: Bankruptcy<br>PO Box 101808<br>Fort Worth, TX 76185 |
| Navient<br>Attn: Bankruptcy<br>PO Box 9640<br>Wilkes-Barre, PA 18773 | Radius Global Solutions LLC<br>7831 Glenroy Rd Ste 250-A<br>Minneapolis, MN 55439 | Sam's Appliances & Furniture<br>Attn: Bankruptcy<br>5050 East Belknap Street<br>Haltom City, TX 76117 |
| One Advantage Llc<br>P.O. Box 628<br>Buffalo, NY 14240-0628 | Rausch, Sturm, Israel, Enerson &<br>Hornik<br>15851 North Dallas Parkway<br>Suite 245<br>Addison, TX 75001 | Santander Consumer USA<br>Attn: Bankruptcy<br>PO Box 961245<br>Fort Worth, TX 76161 |
| Plain Green Loans<br>Attn: Bankruptcy<br>1900 Frost Rd   Ste 100<br>Bristol, PA 19007 | Regional Acceptance Co<br>Attn: Bankruptcy<br>PO Box 1487<br>Wilson, NC 27858 | SLC Conduit I LLC<br>Citibank USA, N.A<br>PO Box 6191<br>Sioux Falls, SD 57117 |
| Prestige Financial Svc<br>Attn: Bankruptcy<br>351 W Opportunity Way<br>Draper, UT 84020 | Resource One<br>2100 Belleview St<br>Dallas, TX 75215 | Speedy/Rapid Cash<br>Attn: Bankruptcy Dept.<br>PO Box 780408<br>Wichita, KS 67278 |
| Progressive Finance/Leasing<br>11629 S 700 E St Ste 250<br>Draper, UT 84020 | Resource One Credit Union<br>Attn: Bankruptcy<br>PO Box 660077<br>Dallas, TX 75266 | Synchrony Bank/Care Credit<br>Attn:  Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL 32896 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:   **Kathy Ann Nelson**

CASE NO.

CHAPTER   **13**

### Certificate of Service

(Continuation Sheet #3)

---

Synchrony Bank/TJX
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896

Tom Powers
105 Decker Crt, Ste 1150
Irving, TX 75062

Synchrony Bank/Walmart
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896

Transworld Systems Inc.
Collection Agency
500 Virginia Drive, Ste. 514
Ft. Washington, PA 19034

Target
Attn: Bankruptcy
PO Box 9475
Minneapolis, MN 55440

United Collection Bureau
5260 South Wyck Blvd. Ste 206
Toledo, OH 43614-0190

Tbom/total Crd
Po Box 85710
Sioux Falls, SD 57118

United Revenue Corp.
204 Billings Street
Suite 120
Arlington, TX 76010

TDDC
PO Box 35629
Dallas, TX 75235

United States Trustee- Northern District
1100 Commerce St, Rm 976
Dallas, TX 75242

Texas Digestive Disease Consultants
P.O. Box 202689
Dallas, TX 75320

US Bank Home Mortgage
Attn: Bankruptcy
800 Nicollet Mall
Minneapolis, MN 55402

Texas Physician Resources LLP
PO Box 8776
Fort Worth, TX 76124-0776

White Pine Lending
3051 Sand Lake Road
Crandon, WI 54520